[No. C067525. Third Dist. May 17, 2012.]

In re D.L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
D.L., Defendant and Appellant.

## COUNSEL

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BUTZ, J.**—The minor, D.L., appeals from the juvenile adjudications finding he committed two burglaries in May 2010. His sole contention on appeal is that the juvenile court erred in failing to hold the required hearing to consider his suitability for deferred entry of judgment (DEJ). We agree and shall reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On August 30, 2010, a juvenile wardship petition was filed charging 15-year-old D.L. with two counts of residential burglary. (Pen. Code, § 459.) On September 7, 2010, the prosecuting attorney filed a determination of eligibility for DEJ, along with a citation and written notification for DEJ, finding D.L. eligible for DEJ. (Welf. & Inst. Code, § 790 et seq.) These notices complied with the statutory requirements of Welfare and Institutions Code sections 790 and 791. The citation stated, "At the hearing the court will consider whether or not to grant a Deferred Entry of Judgment." The citation did not, however, provide notice of a date when the hearing to consider D.L.'s DEJ suitability would be conducted. The probation department filed a report on September 7, 2010, and noted D.L. was eligible for DEJ. The report went on to conclude that D.L. was not suitable for DEJ, as he had appeared before the court relative to 10 charges within a short period of time, and had issues with alcohol, school attendance and behavior.

---

[1] Because of the nature of the issue raised on appeal, the substantive facts underlying the adjudications are not relevant to this appeal and are not recounted.

D.L. appeared with his father at the September 10, 2010 settlement conference hearing. At the hearing, the prosecution filed an amended subsequent petition, adding an allegation that D.L. had received stolen property. (Pen. Code, § 496, subd. (a).) The court continued the settlement conference hearing to September 24, 2010, at which time, at defense counsel's request, the court scheduled a trial readiness conference for November 23, 2010, and a contested jurisdiction trial for November 24, 2010. There was no mention on the record of D.L.'s suitability for DEJ. At the trial readiness conference on November 23, 2010, counsel indicated they were ready to proceed to trial. That same day, without a hearing, the court found D.L. was eligible but not suitable for DEJ, and the trial date was confirmed.

The following day, D.L. entered denials to each of the allegations in the amended subsequent petition. Following a contested jurisdictional hearing, the receiving stolen property allegation was dismissed for insufficient evidence and the court sustained the allegations that D.L. had committed two burglaries. The court calculated D.L.'s maximum period of confinement at eight years four months, including his priors, placed D.L. on probation and ordered him to serve 102 days in a youth detention facility.

## DISCUSSION

On appeal, D.L. contends the juvenile court erred in failing to hold the required DEJ hearing. The People respond that the trial readiness conference constituted the DEJ hearing and D.L.'s failure to challenge the "summary nature of the court proceeding" forfeits the claim of error. We agree with D.L.

■ The DEJ statutes "empower the court, under specified conditions, and upon the minor's admission of the allegations of the petition, to place the minor on probation without adjudging him or her to be a ward of the court." (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1308 [21 Cal.Rptr.3d 891].) Under appropriate circumstances, the court may summarily grant DEJ to the minor. (Welf. & Inst. Code, §§ 790, 791; Cal. Rules of Court, rule 5.800.)[2] If the court does not summarily grant DEJ, it must conduct a hearing at which it must "consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties." (Rule 5.800(f).) It is the mandatory duty of the juvenile court to either grant DEJ summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ, based upon whether the minor will derive benefit from "education, treatment, and rehabilitation." (Welf. & Inst. Code, § 791, subd. (b); see *In re Joshua S.* (2011) 192 Cal.App.4th 670, 677 [122

---

[2] Further rule references are to the California Rules of Court.

Cal.Rptr.3d 188].) While the court is not required to grant DEJ, it is required to "follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made." (*In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123 [48 Cal.Rptr.3d 581] (*Luis B.*).)

■ As to both summary and nonsummary grants of DEJ, where the minor has received notice informing him of his eligibility for DEJ, at "sometime prior to the court's grant of DEJ at the hearing on the minor's suitability for DEJ," the minor must admit the petition's allegations in lieu of a jurisdictional hearing. (*In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1322–1323 [98 Cal.Rptr.3d 477]; see *In re Kenneth J.* (2008) 158 Cal.App.4th 973, 979–980 [70 Cal.Rptr.3d 352] (*Kenneth J.*); *In re Usef S.* (2008) 160 Cal.App.4th 276, 285 [72 Cal.Rptr.3d 612] (*Usef S.*).) The juvenile court is excused from its mandatory duty to hold a hearing if, after receiving notice of eligibility for DEJ, the minor nonetheless rejects DEJ consideration by contesting the charges. (*Kenneth J.*, *supra*, 158 Cal.App.4th at pp. 976–978; *Usef S.*, *supra*, 160 Cal.App.4th at pp. 281–283.)

Initially, we cannot agree with the People's claims that D.L.'s failure to object to the "summary nature of the court proceeding" and the lack of express findings forfeits his claims on appeal. This response misses the point of D.L.'s complaint. The complaint is not that the court did not state its reasons on the record, but rather that the court failed in its mandatory duty to conduct a hearing and consider, in addition to the information provided by the prosecuting attorney and probation department, "any other relevant material provided by the child or other interested parties." (Rule 5.800(f).) In the absence of even notice that a hearing on D.L.'s DEJ suitability was proceeding on a particular date, the court cannot have met its obligations. The cases cited by the People on waiver are inapposite as they involve a court's failure to state reasons for its discretionary choices. (*People v. Scott* (1994) 9 Cal.4th 331, 353 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *People v. Zuniga* (1996) 46 Cal.App.4th 81, 84 [53 Cal.Rptr.2d 557].) This case does not involve a failure to state reasons for a discretionary choice, or an abuse of discretion at all. This case involves the failure of the court to fulfill its mandatory duty to consider D.L.'s suitability for DEJ. A finding of forfeiture is inappropriate in these circumstances. (See *In re Luis F.* (2009) 177 Cal.App.4th 176, 183–184 [99 Cal.Rptr.3d 174].)

Nor does the authority in *Kenneth J.* and *Usef S.* preclude D.L. from challenging the lack of a hearing. In both *Kenneth J.* and *Usef S.* the juvenile court did not make any findings at all about the minors' DEJ suitability. Rather, in each case, the minor was notified of his DEJ eligibility and suitability hearings were set. Prior to the scheduled suitability hearing, the

minors denied the allegations of the petitions. (*Kenneth J., supra,* 158 Cal.App.4th at pp. 977–978; *Usef S., supra,* 160 Cal.App.4th at p. 281.) In denying the allegations of the petitions prior to the suitability hearing, the minors removed themselves from consideration for DEJ, because DEJ requires the minor to admit the allegations of the petition. (*Kenneth J.,* at pp. 979–980; *Usef S.,* at p. 286.) By contrast, in this case, a suitability hearing was never scheduled and D.L. did not deny the allegations until *after* the court had determined he was not suitable for DEJ. Under these circumstances, proceeding to a contested jurisdictional hearing and denying the petition's allegations at the jurisdictional hearing does not foreclose D.L.'s DEJ claim. (See *In re Spencer S., supra,* 176 Cal.App.4th at p. 1323.)

■ Here, the court did not follow the specified procedures in determining D.L.'s suitability for DEJ. To comport with due process requirements, D.L. was entitled to notice reasonably calculated to apprise him of the pendency of the matter and an opportunity to present his evidence and objections. (See *People v. Ramirez* (1979) 25 Cal.3d 260, 263–264 [158 Cal.Rptr. 316, 599 P.2d 622]; *Gresher v. Anderson* (2005) 127 Cal.App.4th 88, 106 [25 Cal.Rptr.3d 408].) Although D.L. was given notice of his eligibility for DEJ and that a hearing would be held on this matter, he was not given notice of when that hearing would take place. Nor did the court indicate at any of the ensuing hearings that the subject of D.L.'s suitability for DEJ was under consideration. Accordingly, D.L. did not have a full and fair opportunity to request DEJ in lieu of jurisdictional and dispositional hearings. Nor did D.L. have the opportunity to present any evidence he might have had or any objections to the conclusions of the probation officer. Because of the lack of meaningful notice and opportunity to be heard, we cannot agree with the People's assertion that the trial readiness conference, at which the juvenile court ruled on D.L.'s suitability for DEJ, constituted the hearing to which he was entitled.

■ Where a minor is deprived of the opportunity for a hearing and deprived of fundamental procedural rights, reversal is compelled. (*Adoption of Baby Girl B.* (1999) 74 Cal.App.4th 43, 55 [87 Cal.Rptr.2d 569]; see *In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1091 [12 Cal.Rptr.2d 875]; *In re Geronimo M.* (1985) 166 Cal.App.3d 573, 587–588 [212 Cal.Rptr. 532]; *In re Willie T.* (1977) 71 Cal.App.3d 345, 353–354 [139 Cal.Rptr. 439].)

## DISPOSITION

The adjudication and disposition orders are vacated. The case is remanded to the juvenile court for further proceedings in compliance with Welfare and Institutions Code section 790 et seq. and rule 5.800. If the juvenile court grants DEJ to D.L., the adjudication and disposition orders will remain

vacated. If the juvenile court denies DEJ to D.L., it shall reinstate the adjudication and disposition orders, subject to D.L.'s right to have the denial of DEJ reviewed on appeal. (See *Luis B.*, *supra*, 142 Cal.App.4th at pp. 1123–1124.)

Hull, Acting P. J., and Mauro, J., concurred.

A petition for a rehearing was denied July 11, 2012.