Filed 7/30/13  In re L.C. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| In re L.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>L.C.,<br><br>         Defendant and Appellant. | A136612<br><br>(Contra Costa County<br>Super. Ct. No. J1201028) |

**INTRODUCTION**

L.C. appeals from an order of the juvenile court, following his no contest plea to second degree burglary (Pen. Code, §§ 459, 460 subd. (b)).  After the court informed defendant—erroneously—that he was not eligible for deferred entry of judgment (DEJ), the court proceeded with disposition, requiring that he complete a six-month program at the Orin Allen Youth Rehabilitation Facility and imposing numerous other terms and conditions of wardship.  Defendant contends the court erred in failing to conduct a DEJ suitability hearing (Welf. & Inst. Code, § 790 et seq.),[1] and in failing to expressly state on the record whether the offense to which he pled was a felony or misdemeanor (§ 702).

---

[1] All further references are to the Welfare and Institutions Code unless otherwise indicated.

1

The Attorney General concedes the court erred in the latter regard.  We conclude the juvenile court erred in both respects and reverse and remand.

**BACKGROUND**

We set forth only the facts relevant to the issues on appeal.  In July 2012, the Contra Costa County District Attorney filed a juvenile wardship petition (§ 602) charging L.C. with one felony count of first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a)).  The prosecutor filed a form indicating the minor was statutorily eligible for DEJ. (§§ 790, 791.)

At the pretrial hearing, defense counsel announced, "[w]e've reached a negotiated disposition.  [L.C.] will be entering a plea of no contest to 459/460 (b), a felony, Count 1 will be dismissed."[2]

Court and defense counsel then engaged in the following colloquy:

> "THE COURT:  It appears that the minor is eligible for [DEJ].  Did you want to set this for [DEJ] suitability hearing or is that being waived?  [¶] If he's going to admit to something that is not initially alleged in the petition I would think that he wouldn't be eligible for it.  To be eligible he would have to admit to the petition as it is.
>
> "[DEFENSE COUNSEL]:  Right.  Given the negotiated disposition we are waiving suitability findings."

The prosecutor did not disagree, and said nothing on this point.

The court proceeded to advise L.C. of the trial rights he would be waiving: "I've explained to you what a trial is, I also went over your trial rights that you basically would be giving up in order to plead no contest to Count 2."  None of the court's advisements concerned defendant's eligibility for a DEJ suitability hearing.  After L.C. confirmed he understood and was waiving his right to trial, the court accepted his plea of no contest to count 2, second degree burglary "as a felony," and set a date for disposition.

---

[2]  The prosecutor was granted leave to amend the wardship petition to add, as count 2, an allegation of felony second degree burglary (Pen. Code, §§ 459, 460, subd. (b)).

2

In its dispositional report, the probation department recommended L.C. be removed from his mother's custody and placed at the Orin Allen Youth Rehabilitation Facility for six months. At the disposition hearing, the court agreed with this recommendation, ordered L.C. to complete a six-month program at Orin, and imposed numerous other terms and conditions of wardship. Although the court set a three-year maximum period of confinement and awarded defendant 23 days' credit for time already served, it did not formally designate the sustained burglary offense as a felony or misdemeanor.

## DISCUSSION

### DEJ Suitability Hearing

" 'The DEJ provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on [the] motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)' " (*In re Kenneth J.* (2008) 158 Cal.App.4th 973, 976, quoting *Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558; *In re Luis B.* (2006) 142 Cal.App.4th 1117, 1121–1122.)

The Attorney General concedes on appeal the juvenile court was in error in believing defendant had to plead to the original charge to be eligible for DEJ. In *In re Joshua S.* (2011) 192 Cal.App.4th 670, Division Two of this court rejected the argument "DEJ procedures require the minor to admit the charge initially alleged in the petition rather than a reduced one" and recognized "making DEJ unavailable to a minor who admits an amended petition without contesting the allegations of the initial petition would not serve the goal of increasing rehabilitation for first-time nonviolent juvenile offenders

3

. . . . In fact, requiring a minor to admit the allegations of the original petition with no amendment in order to accept DEJ might in some circumstances lead to injustice." (*In re Joshua S.*, *supra*, 192 Cal.App.4th at pp. 680–681 & fn. 6.)

The Attorney General nevertheless contends defendant expressly waived his right to a DEJ suitability hearing when his trial counsel said the following in response to the court's erroneous pronouncement that, by pleading to a lesser charge, defendant would be ineligible for DEJ: "Right. Given the negotiated disposition we are waiving suitability findings."

While defense counsel did, indeed, state defendant was "waiving" a DEJ suitability hearing, counsel was laboring under the same erroneous view of the law the court shared—that because defendant was pleading to a lesser offense than alleged in the petition, he was ineligible for DEJ. "[A] waiver is 'an intentional relinquishment or abandonment of a *known* right or privilege.' " (*People v. Panizzon* (1996) 13 Cal.4th 68, 85, quoting *Johnson v. Zerbst* (1938) 304 U.S. 458, 464,[3] italics added; see also *City of Ukiah v. Fones* (1966) 64 Cal.2d 104, 107 [A waiver " 'is the intentional relinquishment of a known right after knowledge of the facts.' "].) Or, as this court has said, "the valid waiver of a right presupposes an actual and demonstrable knowledge of the very right being waived." (*Jones v. Brown* (1970) 13 Cal.App.3d 513, 519.)

Here, defendant was told by the court he had *no* right to a DEJ suitability hearing, and his trial counsel agreed. Thus, defendant did not *knowingly* waive his right to such hearing. Accordingly, no valid waiver of his right to a DEJ suitability hearing occurred. (See *In re D.L.* (2012) 206 Cal.App.4th 1240, 1244 [juvenile did not waive right to suitability hearing by failing to object to "summary nature" of juvenile proceedings and lack of express findings when court failed to address suitability]; cf. *In re C.W.* (2012) 208 Cal.App.4th 654, 662 [it could not "be said that [minor] chose not to pursue DEJ, as there is no indication that she was aware of her eligibility for it"].)

---

[3] Overruled on other grounds as stated in *Solem v. Stumes* (1984) 465 U.S. 638, 650–652.

The Attorney General also contends that even if trial counsel erroneously waived defendant's right to a DEJ suitability hearing and thus rendered ineffective assistance of counsel (IAC), defendant cannot show prejudice and therefore reversal is not required. This contention, however, assumes a waiver and that making that waiver, in turn, constituted IAC. For the reasons just discussed, defendant *did not waive* his right to a DEJ suitability hearing. Thus, engaging in an IAC analysis is misdirected.

The question is whether the juvenile court's error in not conducting a DEJ suitability hearing in the absence of a valid waiver of such, can be said to be harmless error. We conclude it cannot. "While the court retains discretion to deny DEJ to an eligible minor, the duty of the prosecuting attorney to assess the eligibility of the minor for DEJ and furnish notice with the petition is mandatory, as is the duty of the juvenile court to either summarily grant DEJ or examine the record, conduct a hearing, and make 'the final determination regarding education, treatment, and rehabilitation. . . .' (§ 791, subd. (b); see also § 790, subd. (b); [former Cal. Rules of Court,] rule 1495(b), (d) & (f)[, now rule 5.800(b), (d) & (f)] . . . .)" (*In re Luis B., supra*, 142 Cal.App.4th at p. 1123; see also *In re D.L., supra,* 206 Cal.App.4th at p. 1243 [it is "the mandatory duty of the juvenile court to either grant DEJ summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ"].)

"[W]here the record *affirmatively* discloses that the trial court *misunderstood* the scope of its discretion, remand to the trial court is required to permit that court to impose sentence with full awareness of its discretion . . . ." (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944.) "Failure to exercise a discretion conferred and compelled by law constitutes a denial of a fair hearing and a deprivation of fundamental procedural rights, and thus requires reversal." (*People v. Penoli* (1996) 46 Cal.App.4th 298, 306.)

We agree there are many reasons why the juvenile court could conclude DEJ is not warranted in this case, including all the reasons that supported removing defendant from his mother's custody and sending him to Orin for six months followed by an additional 90-day conditional release. However, the Attorney General has not cited, nor are we aware of, any case employing a harmless error analysis where, as here, the sentencing

5

court plainly was in error as to the scope of its authority. In fact, where errors are made in connection with juvenile DEJ procedures, the courts reverse and remand because the juvenile is deprived of "fundamental procedural rights." (*In re D.L., supra,* 206 Cal.App.4th at p. 1245; see also *In re C.W., supra,* 208 Cal.App.4th at pp. 660–663 [no notice of DEJ eligibility given and no mention of eligibility made at any hearing; fact minor was represented by experienced delinquency counsel and minor never admitted allegations did not excuse court's failure to perform its "statutory duty" to determine DEJ-eligible minor's suitability for DEJ]; *In re Luis B., supra,* 142 Cal.App.4th at p. 1123 [no notice of DEJ eligibility given and court, in turn, did not conduct suitability hearing; court required "to at least follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made"].) We therefore conclude we have no choice but to vacate the disposition order and remand for the court to conduct a DEJ suitability hearing.

## *Express Declaration of Offence*

Both parties concede, and we agree, the case must be remanded for an express declaration by the juvenile court, pursuant to section 702, of whether count 2 is a felony or misdemeanor. (§ 702.)

## DISPOSITION

The dispositional order is vacated and the matter is remanded for (a) further proceedings in compliance with section 790 et seq. and California Rules of Court, rule 5.800, and (b) to declare the offense in count 2 to be a felony or misdemeanor. If the juvenile court grants DEJ to L.C., the adjudication and disposition orders will remain vacated. If the juvenile court denies DEJ to L.C., it shall reinstate the

adjudication and disposition orders, subject to L.C.'s right to have the denial of DEJ reviewed on appeal.  (See *In re D.L., supra,* 206 Cal.App.4th at pp. 1245–1246.)

                                                _____

                                                Banke, J.

We concur:

_____
Dondero, Acting P. J.

_____
Sepulveda, J.*

---

\* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.