Filed 9/23/13  In re Erick G. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re ERICK G., a Person Coming Under the Juvenile Court Law. | B245683 |
| | (Los Angeles County Super. Ct. No. NJ27033) |
| THE PEOPLE, Plaintiff and Respondent, v. ERICK G., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John H. Ing, Judge.  Affirmed.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Lawrence M. Daniels and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Erick G. appeals from an order denying deferred entry of judgment after the juvenile court found he had committed the offense of possession of a firearm by a minor (Pen. Code, § 29610), a felony. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Long Beach police officers were seeking witnesses to a recent shooting in an alley outside Erick's apartment. Through the open window the officers saw marijuana plants growing in a fish tank in Erick's bedroom. A loaded handgun was then found during a search of the bedroom. Erick admitted the marijuana plants and the handgun belonged to him.

A three-count petition was filed pursuant to Welfare and Institutions Code section 602[1] charging then 17-year-old Erick with possession of a firearm by a minor, cultivating marijuana and misdemeanor possession of live ammunition by a minor. Erick denied the allegations.

Following the denial of his motion to suppress evidence (§ 700.1), Erick waived his right to a jurisdiction hearing and admitted the allegation of possession of a firearm by a minor with the understanding the juvenile court would determine the appropriate disposition after reviewing the probation report and dismiss the remaining counts in furtherance of justice. The court found the allegation to be true and sustained the petition. Defense counsel then presented Erick's most recent student progress report from the Los Padrinos Juvenile Detention Facility and requested the court either grant Erick deferred entry of judgment (DEJ) or order him home on probation as recommended by the probation department. The prosecutor urged the court to order Erick into the short-term camp community placement program.

After reviewing the probation report and hearing argument by counsel, the juvenile court found Erick was not suitable for DEJ under the circumstances of the offenses and Erick's background, specifically the loaded firearm and his admitted gang

---

[1] Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

membership, chronic failure to attend school[2] and marijuana use. The court explained, "These are all circumstances that indicate a total lack of structure that the minor very sorely needs. He will get that in a short-term camp. I understand and appreciate that it is minor's first contact with law enforcement, but he's been broken [*sic*] in this in a big way." Erick was declared a ward of the juvenile court; the offense declared a felony; and Erick was ordered into the short-term camp community placement program. The court dismissed the remaining counts and calculated Erick's maximum term of confinement as three years.

## DISCUSSION

"[I]n lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After successful completion of a term of probation, on the motion of the prosecution and with positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

These provisions "'empower the court, under specified conditions, and upon the minor's admission of the allegations of the petition, to place the minor on probation without adjudging him or her to be a ward of the court.'" [Citation.] Under appropriate circumstances, the court may summarily grant DEJ to the minor. [Citations.] If the court does not summarily grant DEJ, it must conduct a hearing at which it must 'consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties.' [Citation.] It is the mandatory duty of the juvenile court to either

---

[2] The probation report indicated, and defense counsel acknowledged, Erick left the United States for Mexico three years earlier after a poor academic performance in the ninth grade. He did not attend school while in Mexico or after returning to the United States.

grant DEJ summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for DEJ, based upon whether the minor will derive benefit from 'education, treatment, and rehabilitation.' [Citations.] While the court is not required to grant DEJ, it is required to 'follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination is made.'" (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1243-1244, fn. omitted; see Cal. Rules of Court, rule 5.800.)

Erick does not contend the juvenile court abused its discretion in denying his request for DEJ. Instead, Erick insists the court committed reversible error by failing to specifically direct the probation department to investigate his suitability for DEJ before rejecting that predisposition alternative.

To be granted DEJ, a minor must waive time for pronouncement of judgment and admit all allegations in the petition. (§ 791, subd. (a)(3).)[3] Erick, in effect, rejected DEJ when he admitted only the allegation of possession of a firearm by a minor, and not any other alleged criminal conduct, in return for the juvenile court's determination of an appropriate disposition and dismissal of the remaining counts. (See *In re Kenneth J.* (2008) 158 Cal.App.4th 973, 979-980 [denial of petition's allegations prior to suitability hearing removed minor from consideration for DEJ]; *In re Usef S.* (2008) 160 Cal.App.4th 276, 285-286 [same]; *In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1322-1323 [as to both summary and nonsummary grants of DEJ, the minor must admit

<hr>

[3]     Section 791, subdivision (a)(3), states, "The prosecuting attorney's written notification to the minor shall also include all of the following: [¶] . . . [¶] (3) A clear statement that in lieu of jurisdictional and disposition hearings, the court may grant a deferred entry of judgment with respect to any offense charged in the petition, provided that the minor admits each allegation contained in the petition and waives time for pronouncement of judgment, and that upon the successful completion of the terms of probation, as defined in Section 794, the positive recommendation of the probation department, and the motion of the prosecuting attorney, but no sooner than 12 months and no later than 36 months from the date of the minor's referral to the program, the court shall dismiss the charge or charges against the minor."

Erick does not contend the prosecutor failed to provide him with written notification of his eligibility for DEJ prior to the hearing on suitability.

4

petition's allegations prior to suitability hearing]; accord, *In re D.L., supra*, 206 Cal.App.4th at pp. 1244-1245; cf. *In re Joshua* (2011) 192 Cal.App.4th 670, 681-682 [minor who did not request a jurisdiction hearing and admitted all remaining allegations of an amended petition in a negotiated plea could still be considered for DEJ].)

Even if Erick had not removed himself from consideration for DEJ, under the circumstances of this case the juvenile court was not obligated to once again refer the case to the probation department for investigation of his suitability for DEJ. What is required for an eligible minor is the court either summarily grant DEJ or conduct a hearing to consider the minor's suitability for that program with a report from the probation department to assist it.[4]

Nothing in the record suggests the juvenile court did not give full consideration to Erick's request for DEJ. After hearing counsels' arguments, reviewing the probation report and the student progress report submitted by the defense, the court concluded Erick was not suitable for DEJ because he needed a more restrictive and structured setting. Although now Erick maintains the probation report was deficient in various respects, he did not object to the report or state it was incomplete or incorrect at the time of the hearing. Erick's claim his suitability for DEJ should have been specifically evaluated by the probation department, made for the first time on appeal, has been forfeited. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.)

---

[4]    Section 791, subdivision (b), states, "If the minor consents and waives his or her right to a speedy jurisdictional hearing, the court may refer the case to the probation department or the court may summarily grant deferred entry of judgment if the minor admits the charges in the petition and waives time for pronouncement of judgment."

## DISPOSITION

The order is affirmed.


                                        PERLUSS, P. J.

We concur:



        ZELON, J.



        SEGAL, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.