Filed 11/12/13  In re Bryan C. CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| **In re BRYAN C., a Person Coming Under the Juvenile Court Law.** | |
| **THE PEOPLE,** | |
| **Plaintiff and Respondent,** | **A138290** |
| v. | |
| **BRYAN C.,** | **(Contra Costa County Super. Ct. No. J12-01548)** |
| **Defendant and Appellant.** | |

Bryan C. (appellant) appeals from a judgment declaring him a ward of the juvenile court and placing him on probation with home supervision after he pled no contest to an allegation he had carried a concealed firearm on his person.  (Welf. & Inst. Code, § 602; Pen. Code, § 25400, subd. (a)(2); Cal. Rules of Ct., rule 5.778(e).)[1]  He contends the case must be remanded for a hearing on his suitability for deferred entry of judgment (DEJ) under section 790 et seq., and further argues the failure to follow the statutory procedures for determining his suitability deprived him of due process of law.  The Attorney General agrees the case must be remanded so the court can comply with the statutory requirements for determining suitability.  We remand the case for this purpose.

---

[1]  Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.  Further rule references are to the California Rules of Court.

FACTS AND PROCEDURAL HISTORY[2]

On November 1, 2012, appellant was contacted by officers of the Antioch Police Department after he was reported to have been showing off a gun in a restroom of his high school. No weapons were found when appellant was searched, but the principal of the school told the officers appellant had passed his backpack to another student. That student was detained, and an unloaded .22-caliber revolver was found in the backpack he was carrying. After appellant was read his rights under *Miranda v. Arizona* (1966) 384 U.S. 436, he explained he was having problems with a Norteño gang member and had been beaten up in September 2012. Appellant said he was not a Sureño, though some of his friends were.

A wardship petition was filed under section 602 alleging appellant had committed two felony offenses: possessing a firearm in a school zone in violation of Penal Code section 626.9, subdivision (b), and carrying a concealed firearm on his person in violation of Penal Code section 25400, subdivision (a)(2). The district attorney's office filed a JV-150 form stating appellant was eligible for DEJ. It does not appear either appellant or his parents were served with any notice regarding his eligibility for DEJ or the details of the DEJ procedure.

At the arraignment on the petition, defense counsel noted appellant was eligible for DEJ and asked the court to refer him for a determination of suitability. The court declined to do so, noting appellant "had a gun," and "I think we need far more resources than are available under DEJ." Appellant subsequently pled no contest to the concealed firearm count and was placed on probation with 120 days of home supervision with electric monitoring and 12 weekends at juvenile hall.

DISCUSSION

Under the DEJ provisions of section 790 et seq., "in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is

_____

[2]   In light of appellant's no contest plea, the underlying facts in this case are taken from the probation report prepared for the dispositional hearing.

2

deferred.  After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges.  The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed.  [Citations.]" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558 (*Martha C.*).)

A minor is eligible for DEJ if all of the following circumstances apply:  "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense.  [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707.  [¶] (3) The minor has not previously been committed to the custody of the Youth Authority.  [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed.  [¶] (5) The minor is at least 14 years of age at the time of the hearing.  [¶] (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code." (§ 790, subd. (a).)  When the prosecuting attorney has determined the minor eligible for DEJ, he or she must file a "Determination of Eligibility—Deferred Entry of Judgment—Juvenile (form JV-750)" along with the juvenile petition.  (Rule 5.800(b)(1), italics omitted.)  The court must then issue a "Citation and Written Notification for Deferred Entry of Judgment—Juvenile (form JV-751)" to the minor's custodial parent, guardian or foster parent.  (Rule 5.800(c), italics omitted; see § 792.)

Once a minor has been determined *eligible* for DEJ, the juvenile court has the ultimate discretion to rule on the *suitability* of the minor for that program.  (*In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123 (*Luis B.*).)  Factors relevant to suitability include the child's "age, maturity, educational background, family relationships, demonstrable motivation, treatment history, if any, and other mitigating and aggravating factors in determining whether the minor is a person who would be benefitted by education, treatment, or rehabilitation." (§ 791, subd. (b); rule 5.800(d)(3).)  If the minor waives his or her right to a speedy jurisdictional hearing, the court may either grant DEJ summarily, or, if it does not do so, must hold a hearing to determine suitability based on the statutory

3

factors.  (*Luis B.*, at p. 1123; § 791, subd. (b); rule 5.800(b)(2).)[3]  At the suitability hearing, "the court must consider the declaration of the prosecuting attorney, any report and recommendations from the probation department, and any other relevant material provided by the child or other interested parties."  (Rule 5.800(f).)

While the court is not required to grant DEJ to an eligible minor, it is required to "follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility determination [has been] made."  (*Luis B.*, *supra*, 142 Cal.App.4th at p. 1123; see also *In re D.L.* (2012) 206 Cal.App.4th 1240, 1243-1244.)  Here, appellant was eligible for DEJ.  The district attorney filed a JV-750 form recognizing as much, but the court did not set a suitability hearing and did not provide appellant with a "notice reasonably calculated to apprise him of the pendency of the matter and an opportunity to present his evidence and objections."  (*In re D.L.,* at p. 1245.)  A blank form JV-751 was attached to the JV-750 form, but there is no indication it was served on appellant or his parents and, in any event, it specified no hearing date.  The court's brief consideration of the issue at arraignment, which did not take into account the statutory guidelines, did not comport with due process and amounted to an abuse of discretion.  (*Ibid.*; *In re C.W.* (2012) 208 Cal.App.4th 654, 660-663; *Martha C.*, *supra*, 108 Cal.App.4th at p. 562.)

We therefore accept the Attorney General's concession the case must be remanded so the court can comply with the procedures required by section 790 et seq.  We express no opinion whether appellant should be found suitable for DEJ; that is a matter for the sound discretion of the juvenile court after considering the statutory factors.  (*In re Sergio R.* (2003) 106 Cal.App.4th 597, 607.)

## DISPOSITION

The juvenile court's adjudication and dispositional orders are vacated and the matter is remanded for further proceedings in compliance with section 790 et seq. and

---

**3**  A minor is not entitled to a suitability hearing if he or she is unwilling to waive the right to a jurisdictional hearing and refuses to admit the allegations of the petition.  (*In re Usef S.* (2008) 160 Cal.App.4th 276, 286.)

rule 5.800, including notice to appellant of his eligibility for DEJ.  If, as a result of those proceedings, appellant elects DEJ, the juvenile court shall exercise its discretion regarding whether or not to grant DEJ.  If the juvenile court grants DEJ to appellant, the adjudication and dispositional orders will remain vacated.  If it denies DEJ to appellant, the juvenile court shall reinstate the adjudication and dispositional orders, subject to appellant's right to have the denial of DEJ reviewed on appeal.  (See *In re D.L.*, *supra*, 206 Cal.App.4th at pp. 1245-1246.)

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.