Filed 9/29/14  In re Frances G. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re FRANCES G., a Person Coming Under the Juvenile Court Law. | |
| | D065301 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J234154) |
| v. | |
| FRANCES G., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile delinquency court made a true finding that Frances G. had received stolen property (Pen. Code, § 496, subd. (a)), a felony. The court declared her a ward and ordered her placed with her adult sister, under the supervision of the probation officer. Frances appeals, contending the court violated her due process rights by not holding a hearing to consider her suitability for deferred entry of judgment (Welf. & Inst. Code, § 790) or summarily granting deferred entry of judgment. We affirm.

BACKGROUND

In April 2013, a teacher at Lincoln High School discovered that 21 iPads had been stolen from a locked cart in a classroom. The theft was reported to the police. In July, police officers executed a search warrant at the home where Frances lived. They found one of the iPads in a bedroom she shared with her boyfriend. Frances said the iPad was hers and her boyfriend had stolen it from a school. She gave her password to a police officer, who then unlocked the iPad and found "Frances's iPad" in the settings. On the back of the iPad was the San Diego Unified School District logo.

In September 2013, the district attorney filed a delinquency petition alleging one count of receiving stolen property. The petition contained a "NOTICE PURSUANT TO WELFARE AND INSTITUTIONS CODE SECTION 790" stating "The District Attorney has determined that [Frances] is eligible to be considered by the juvenile court for a deferred entry of judgment . . . ." The petition explained in detail the procedures for deferred entry of judgment. There was a statement at the end of the petition "that . . . [t]he above matter has been set for hearing on Oct[ober 7] . . . ."

2

On October 7, 2013, at readiness hearing, Frances appeared with appointed counsel. Counsel said she had received the petition and reviewed it with Frances. Counsel asked that a denial be entered. At counsel's request, the court set dates for a settlement conference and trial. At the settlement conference, the court confirmed the trial date. Trial took place in early November and the dispositional hearing took place later that month. Neither Frances nor her trial counsel ever requested deferred entry of judgment.

## DISCUSSION

The court has a mandatory duty "to either grant [deferred entry of judgment] summarily or examine the record, conduct a hearing, and determine whether the minor is suitable for [deferred entry of judgment] . . . ." (*In re D.L.* (2012) 206 Cal.App.4th 1240, 1243.) "The juvenile court is excused from its mandatory duty to hold a hearing if, after receiving notice of eligibility for [deferred entry of judgment], the minor nonetheless rejects [deferred entry of judgment] consideration by contesting the charges." (*Id.* at p. 1244, citing *In re Kenneth J.* (2008) 158 Cal.App.4th 973, 979-980 & *In re Usef S.* (2008) 160 Cal.App.4th 276, 285.) Here, Frances "reject[ed] [deferred entry of judgment] consideration by contesting the charges." (*In re D.L., supra,* at p. 1244.)

Frances correctly concedes "[t]he prosecutor fulfilled its duty to inform the court and [Frances] that [Frances] was eligible for a deferred entry of judgment . . . ." *In re Luis B.* (2006) 142 Cal.App.4th 1117, on which Frances relies, is therefore distinguishable; in that case, the prosecutor did not give the required notice. (*Id.* at p. 1123.) *In re D.L., supra,* 206 Cal.App.4th at page 1240, is also distinguishable. There,

3

the probation department filed a report stating D.L. was eligible but not suitable for deferred entry of judgment. (*Id*. at p. 1242.) The court summarily found the minor was not suitable and the minor then entered a denial to the allegations of the petition. (*Id*. at pp. 1242-1243, 1245.)

*In re Kenneth J., supra,* 158 Cal.App.4th at page 973, on the other hand, is apposite. There, the prosecutor gave the requisite notice. (*Id*. at p. 977.) A hearing on deferred entry of judgment was set, but never held. (*Id*. at p. 978.) Before the date set for the hearing on deferred entry of judgment, the minor requested a contested jurisdictional hearing. (*Id*. at pp. 977-979.) The reviewing court rejected his contention that the juvenile court had erred by failing to hold a hearing on deferred entry of judgment. (*Id*. at p. 976.) The fact that a hearing was set in *In re Kenneth J.* does not distinguish it from Frances's case, and the words of the reviewing court there are apt here. "It is perhaps true the [deferred entry of judgment] statutes make no express provision for a minor in Kenneth's position, one who is advised of his [deferred entry of judgment] eligibility, who does not admit the charges in the petition or waive a jurisdictional hearing, and who does not show the least interest in probation, but who insists on a jurisdictional hearing in order to contest the charges. But the [deferred entry of judgment] is clearly intended to provide an expedited mechanism for channeling certain first-time offenders away from the full panoply of a contested delinquency proceeding. That goal could not co-exist with a minor who insists on exercising every procedural protection offered, and who then on appeal faults the juvenile court for not intervening and short circuiting those very protections." (*Id*. at pp. 979-980.)

4

## DISPOSITION

The judgment is affirmed.


NARES, J.

WE CONCUR:


McCONNELL, P. J.


McDONALD, J.