*See Concurring Opinion*

Filed 3/4/22  P. v. Delahanty CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076839 |
| v. | (Super. Ct. No. SWF1807090) |
| BRIAN THOMAS DELAHANTY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Randall D. White, Judge. Affirmed in part, remanded in part with directions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

A jury found defendant and appellant Brian Thomas Delahanty guilty of first degree burglary (Pen. Code,[1] §§ 459/460), and also found true the allegation that a person other than an accomplice was present in the residence at the time of the burglary (§ 667.5, subd. (c)(21). In a bifurcated proceeding, defendant admitted that he had sustained a prior serious felony (§ 667, subd. (a)) and a prior strike (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)) based on his 1998 conviction for carjacking. The trial court sentenced defendant to an aggregate term of 13 years in state prison as follows: the midterm of four years for the burglary, doubled to eight years due to the prior strike, and a consecutive five-year term for the prior serious felony.

On appeal, defendant contends the matter must be remanded for resentencing to allow the trial court to exercise its discretion to strike the five-year prior serious felony conviction because the court was unaware that it had discretion to strike the enhancement. He also argues that remand is separately required because his counsel was ineffective in failing to ask the court to exercise its discretion to strike the prior serious felony conviction. In a supplemental brief, defendant further asserts that the matter should be remanded due to recently-passed Senate Bill No. 81, which provides sentencing courts with guidance when considering whether to strike an enhancement.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

2

Under the circumstances of this case, we remand the matter to allow the trial court to exercise its sentencing discretion. In all other respects, we affirm the judgment.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual Background*

On February 4, 2018, at around 1:30 a.m., Riverside County sheriff's deputies were dispatched to a residence concerning a burglary in process. The victims had caught one of the suspects, later identified as codefendant Kyle York,[2] as he was exiting the residence's garage with stolen goods in his hands. After York exited the garage and dropped a bag and camera bag on the lawn, he began running. One of the victims and a friend, who was in her vehicle parked in the driveway of the residence while the burglary was in process, pursued York. As the friend pulled her vehicle out of the driveway to pursue York, she encountered defendant in the street. Defendant screamed at her, pounded on the window of the vehicle, and attempted to get in the vehicle. When she showed defendant her phone call to 911, defendant walked away.

---

[2] Codefendant York had pleaded guilty to first degree burglary, felony vandalism, and misdemeanor battery prior to defendant's trial. He also admitted the enhancement allegation that another person other than an accomplice was present in the residence during the burglary.

3

York continued running down the street. He had a mask and gloves on and was carrying a flashlight. When the victims caught up to York, he started screaming, "'It's not me. It's the other guy, you know. It's my friend.'" York struck the rear and front the friend's car with something, leaving dents. At some point, the victims approached York to find out why he was in the garage, and York punched one of the victim's in the face. York and two of the victims fought, and the victims restrained York until the police arrived. During the confrontation, York implicated defendant, yelling, "'It wasn't me. It was somebody else,'" and "'His name is Brian.'"

When deputies arrived, they found York being detained by the victims. Deputies also found defendant's car, abandoned with the motor running, parked near the victims' residence. In the car, deputies located tools, such as a saw and a wrench, which are sometimes used to assist in entering and burglarizing homes. The deputies had defendant's car towed. A subsequent investigation further connected defendant to the burglary. Defendant's and York's cell phone records showed both of them to be in the area at the time of the burglary. The cell phone records also revealed text messages sent between defendant and York, including a text directing defendant to run to the freeway and hide. In addition, when deputies later sought defendant at his home, defendant attempted to hide from the deputies in a crawlspace located in the garage of his home. The deputies found defendant hiding behind some boxes in the crawlspace. Defendant was laying down on his stomach and when he saw the deputies, he tried to escape further

4

into the crawlspace, crying and screaming for his wife. The deputies had to jump on top of defendant to keep him from getting away.

B. *Procedural Background*

After defendant's conviction and prior to sentencing, the probation officer filed a probation report recommending that – because "the aggravating factors do not rise to a level strongly supporting the upper term" – the court should sentence defendant to the midterm of four years on the burglary conviction (count 1), which term would then be doubled to eight years due to defendant's admission of the prior strike. As to the section 667, subdivision (a)(1), prior serious felony enhancement, the probation officer stated: "Pursuant to Penal Code section 667(a)(1) . . . , any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . *shall receive*, in addition to the sentence imposed by the court for the present offense, a five (5) year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement *shall run consecutively*." The probation officer, therefore, recommended that the court sentence defendant to a total term of 13 years in state prison.

The probation officer noted that "there does not appear to be any identifiable factors in mitigation," but explained that there were "general factors in mitigation pertaining to the offense," such as no forced entry (defendant and York had entered through the victim's partially open garage), defendant did not take any items from the residence, the victim's were not seeking any restitution, defendant did not engage in

5

physical violence, and defendant expressed remorse for his actions. The probation officer also noted defendant's difficult childhood circumstances, being subjected to abuse, "turning to drugs to feel better," defendant's significant substance abuse history beginning as a juvenile, defendant's daily use of methamphetamine and heroin, and his prior efforts at substance abuse treatment. The probation officer observed, "[t]he defendant said he is usually under the influence during the times he has been arrested. As such, it appears his use of illegal substances plays a role in making poor decisions, and the defendant would benefit from actively addressing substance abuse concerns."

The probation officer thereafter explained the factors in aggravation: the manner in which the crime was carried out indicated planning, sophistication, or professionalism; defendant's numerous prior convictions spanning from the 1990s to present; defendant's unsatisfactory performance on probation; defendant's two prior prison terms; and the fact defendant was on parole when he committed the instant offense.

In its sentencing memorandum, the People argued that the factors in aggravation outweighed those in mitigation and that the court should thus impose the upper term of six years for the burglary conviction, doubled to 12 years due to the prior strike. As to the section 667, subdivision (a)(1), prior serious felony enhancement, the People stated: "The court found it true that the defendant had suffered a prior conviction within the meaning of Penal Code section 667, subdivision (a). The Penal Code states that in such cases: [¶] [defendant] *shall receive*, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges

6

brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. . . [¶] Therefore, defendant should be sentenced to an **additional and consecutive term of 5 years** due to a serious prior conviction." Accordingly, the People requested that defendant be sentenced to an aggregate term of 17 years in state prison.

The record does not include a sentencing memorandum by defendant. However, the record contains five character letters in support of defendant.

The sentencing hearing was held on April 19, 2019. The trial court noted that it had read and considered the probation officer's report, the People's sentencing memorandum, and defendant's character letters and that it "intend[ed] to follow the probation officer's report." Defense counsel thereafter made an oral motion to strike defendant's prior strike conviction pointing out defendant's employment, children, marriage, and remaining crime free from 1998 to 2016. The People objected to the oral motion to strike the prior strike conviction and noted that defendant was on parole at the time he committed the current offense.[3] Immediately thereafter, the trial court impliedly denied defendant's oral motion to strike the prior strike conviction and sentenced defendant to a total term of 13 years in prison. The court specifically stated: "All right. In this matter probation will be denied. Defendant will be sentenced to state prison for

---

[3] Defendant's counsel did not make a motion to strike the five-year term for the section 667, subdivision (a), prior serious felony enhancement. And, neither defense counsel nor the prosecutor mentioned the trial court's discretion to strike the prior serious felony enhancement.

7

the mid term of four years. And that is doubled pursuant to operation of law to eight years. There is an additional term of five years for the [section] 667(a)(1) prior offense. There is credit for time served of 216 days plus 32 days of [section] 2933.1 time for a total of 248." The court then imposed mandatory fines and fees, ordered victim restitution to be determined by probation, and denied defendant's request to be referred to fire camp. This appeal followed.

III.

DISCUSSION

A. *Senate Bill No. 1393*

Defendant contends we should remand this case for the trial court to exercise its discretion under the amendment to section 1385 enacted by Senate Bill No. 1393 (2017-2018 Reg. Sess.) to strike the five-year enhancement imposed under section 667, subdivision (a), for a prior serious felony conviction.

On September 30, 2018, the Governor signed Senate Bill No. 1393, effective January 1, 2019, which amended sections 667, subdivision (a), and 1385, subdivision (b), to permit a court to exercise discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971; Stats. 2018, ch. 1013, §§ 1-2.) The prior versions of these statutes required the court to impose a five-year consecutive term for any person convicted of a serious felony and the court had no discretion to strike any prior conviction for purposes of the five-year enhancement. (*People v. Garcia*, *supra*, at p. 971.)

8

Defendant was sentenced in April 2019, about three months after Senate Bill No. 1393 became effective. The People contend that remand is unwarranted because defendant forfeited the claim. In the alternative, the People argue that defendant fails to show affirmative error that the trial court was unaware of its discretion under the amended statute and chose not to strike the enhancement.

"'In general, the forfeiture rule applies in the context of sentencing as in other areas of criminal law.' [Citation.]" (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.) In *People v. Scott* (1994) 9 Cal.4th 331, our Supreme Court held that "a defendant forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below. [Citations.]" (*People v. Wall* (2017) 3 Cal.5th 1048, 1075.)

Defendant concedes that the issue was not raised with the trial court, but asserts that because the trial court did not recognize it had discretion to strike the five-year enhancement pursuant to Senate Bill No. 1393, the forfeiture rule does not apply. He further contends that if the claim is forfeited, his counsel was ineffective in failing to raise the issue. To forestall the ineffective assistance of counsel claim and under the circumstances of this case, we decline to find forfeiture.[4] Of course, we may also reach

---

[4] We note that here no satisfactory explanation for counsel's failure to request that the trial court strike the section 667, subdivision (a)(1) enhancement pursuant to Senate Bill No. 1393 is apparent. In light of the change in the law, there could be no conceivable strategic or tactical reason for counsel's omission. (See *People v. Bell* (2019) 7 Cal.5th 70, 125-126.) The issue of prejudice is a closer question because the trial court impliedly denied defendant's oral motion to strike the prior strike conviction,

*[footnote continued on next page]*

9

the merits of defendant's argument even if it has been forfeited. (*People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party. [Citations.] Indeed, it has the authority to do so"].)

"Defendants are entitled to 'sentencing decisions made in the exercise of the "informed discretion" of the sentencing court,' and a court that is unaware of its discretionary authority cannot exercise its informed discretion." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1228.) "Generally, when the record shows that the trial court proceeded with sentencing on the erroneous assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing." (*Ibid.*) "Remand for resentencing is not required, however, if the record demonstrates the trial court was aware of its sentencing discretion. . . . Further, remand is unnecessary if the record is silent concerning whether the trial court misunderstood its sentencing discretion. Error may not be presumed from a silent record. . . . "'[A] trial court is presumed to have been aware of and followed the applicable law.'"" (*Id.* at pp. 1228-1229, citations omitted; see also *People v. Lee* (2017) 16 Cal.App.5th 861, 867 ["If the record is silent . . . the defendant has failed to sustain his burden of proving error, and we affirm."].)

---

which also qualified as the prior serious felony enhancement pursuant to section 667, subdivision (a)(1).

We disagree with the People's contention that the record was "silent" as to the trial court's discretion, where the probation report and the People's sentencing memorandum affirmatively misstated the law and there is no indication that the trial court understood otherwise. Moreover, the record before us does not clearly indicate the court would have declined to strike the five-year enhancement, even if it understood its discretion to do so. While the court denied defendant's oral motion to strike the prior strike conviction, which also qualified as the section 667, subdivision (a)(1) enhancements, it also expressly chose not to sentence defendant to the maximum sentence, instead imposing a midterm sentence. We accordingly remand the matter for the trial court to exercise its discretion whether to strike the prior serious felony enhancement under section 667, subdivision (a)(1). We express no opinion as to how the trial court should exercise its discretion on remand.

B. *Senate Bill No. 81*

Prior to enactment of Senate Bill No. 81, section 1385 provided a trial court may dismiss sentencing enhancements in the interest of justice. Senate Bill No. 81, which became effective on January 1, 2022, amended section 1385 by adding new subdivision (c). This new subdivision provides in relevant part "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating

11

circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (Sen. Bill No. 81 (2021-2022 Reg. Sess.) ch. 721, § 1, pp. 1-3.) New section 1385, subdivision (c)(7) also provides, "This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision."

Notably, Senate Bill No. 81 amended section 1385 to allow a trial court to strike an enhancement but only applies to sentencings after the operative date of the amendment. (Stats. 2021, ch. 721, § 1.) However, because the trial court must resentence defendant so that it can exercise its informed discretion whether to strike the prior serious felony enhancement under section 667, subdivision (a)(1), which will occur after the effective date of Senate Bill No. 81, we leave the effect on defendant's sentence from the changes to section 1385, or any other relevant change the parties may elect to raise, for the trial court and the parties to consider in the first instance.

IV.

DISPOSITION

The judgment of conviction is affirmed. The matter is remanded to allow the trial court to exercise its discretion and determine whether to strike or dismiss the section 667, subdivision (a)(1) serious felony enhancement, taking into account the direction provided by Senate Bill No. 81.

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


RAPHAEL
J.

[*People v. Delahanty*, E076839]

RAPHAEL, J., Concurring.

I join the opinion.  I write separately to clarify my view as to why our opinion properly reaches the merits of defendant's argument that the trial court wrongly believed it lacked discretion to reduce his sentence under Senate Bill 1393.  The forfeiture doctrine applies where a court fails to make a sentencing ruling or to articulate findings.  But the doctrine has been held not to apply where the trial court erred as a matter of law by wrongly believing it had no discretion to reduce a criminal sentence.  (*People v. Panozo* (2021) 59 Cal.App.5th 825, 840 ["forfeiture in this context is inappropriate"]; *In re D.L.* (2012) 206 Cal.App.4th 1240, 1244 [forfeiture applies to "failure to state reasons for a discretionary choice" but is inappropriate for "the failure of the court to fulfill its mandatory duty to consider" a sentencing argument].)  Our Supreme Court has held a remand for resentencing is required where a trial court was "unaware of the scope of its discretionary powers" and thus did not exercise "'informed discretion.'"  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; accord *People v. Ochoa* (2020) 53 Cal.App.5th 841, 853-854.)  Thus, in my view, we should not just *decline* to apply the forfeiture doctrine here, citing unspecified circumstances; we lack the discretion to do otherwise, because the doctrine does not apply.  As our opinion states, the People misstated the law to the court, and there is no reason to believe the trial court corrected that mistake.  I am in full agreement with our decision to remand the matter for resentencing.

RAPHAEL
J.

1