Filed 8/15/23  P. v. Anderson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>DAVID LEE ANDERSON,<br><br>        Defendant and Appellant. | A164583<br><br>(Alameda County<br>Super. Ct. No. 172220) |

A jury convicted defendant David Lee Anderson of mayhem, assault with a firearm, second degree robbery, and assault by means likely to produce great bodily injury, and found true enhancement allegations that he personally used a firearm and personally inflicted great bodily injury.  In a bifurcated proceeding, the trial court found true, among other things, an enhancement allegation that Anderson had a prior serious felony conviction. After Anderson successfully appealed from his original 46-year sentence, the trial court resentenced him to a term of 28 years, consisting in part of four years for the firearm enhancement, five years for the prior serious felony enhancement, and one year for the great bodily injury enhancement.

On appeal, Anderson argues that recent statutory amendments to Penal Code section 1385[1] mandate dismissal of the firearm and prior serious

_____

[1] All undesignated statutory references are to the Penal Code.

1

felony enhancements.  He argues in the alternative that the trial court was unaware of the amendments when it resentenced him, and therefore remand is required to allow the court to exercise its informed discretion.  In the event we were to find he had forfeited this argument by failing to raise the issue below, he argues that his trial counsel was ineffective.  He also argues the trial court erred by failing to update his custody credits.

Additionally, in supplemental briefing requested by this court, Anderson urges us to vacate any unpaid portion of the $250 probation investigation fee imposed by the sentencing court in light of section 1465.9, and to remand for resentencing under amendments to sections 1170 and 654 that came into effect at the same time as the amendments to section 1385, one month before Anderson's resentencing.

Although sentencing courts are presumed to know of relevant changes in the law, we conclude this presumption is rebutted by the record on appeal, at least with respect to the court's exercise of its discretion under section 1170.  Accordingly, remand for full resentencing is necessary.  We further conclude that Anderson's abstract of judgment must be modified to reflect the actual custody credits he earned prior to resentencing and to vacate any portion of the probation investigation fee that had not been paid as of July 1, 2021.  In all other respects, we affirm the judgment.

## I.    BACKGROUND

### A.    *Anderson's Charges and Trial*

In 2013, Anderson was charged by information with mayhem (§ 203; count one), assault with a firearm (§ 245, subd. (a)(2); count two), second degree robbery (§ 211; count three), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count four).  Regarding count one, the information alleged he personally used a firearm (§§ 12022.5, subd. (a),

2

12022.53, subd. (d)), personally discharged a firearm (§ 12022.53, subd. (c)), personally inflicted great bodily injury (§ 12022.7, subd. (a)), and personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). With regard to count two, the information alleged he personally used a firearm (§ 12022.5, subd. (a)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)). With regard to count three, the information alleged he personally inflicted great bodily injury (§ 12022.7, subd. (a)). The information also alleged that he had a prior strike conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), three prison priors (former § 667.5, subd. (b), as amended by Stats. 2014, ch. 442, § 10), and one prior serious felony conviction (§ 667, subd. (a)(1)).

In our opinion issued in the prior appeal, we described in detail the evidence presented at trial. (*People v. Anderson* (Dec. 14, 2018, A150584) [nonpub. opn.].) For purposes of this appeal, we need not describe it at length, but the evidence generally showed that in November 2012, Anderson attacked three people in two separate incidents. In the first incident, he pulled up in his car beside two teenage girls, S.D. and I.B., who were walking on the sidewalk, and said to them, "I'm tired of you faggot ass bitches." When the girls ignored him, he exited his car, walked up to S.D., and hit her with a closed fist while trying to take her phone. Anderson hit S.D. three or four times in the head, causing her head to strike a concrete wall. S.D.'s phone dropped out of her hand, and as I.B. tried to pick it up, Anderson pushed I.B., and she stumbled. Anderson then kicked I.B. in the face, hit S.D. again and picked up her phone, and ran back to his car.

In the second incident, L.S. and N.L., Anderson's girlfriend, began hitting each other while parked in a driveway. At some point during the fight, Anderson entered the passenger seat of the car. L.S. then heard gun

3

fire and realized she had been shot.  As L.S. left the car to get help, she heard another "pop" that sounded like it was coming from outside the passenger side.  L.S. identified Anderson as the shooter.  As a result of the shooting, L.S.'s pinky finger had to be amputated, and she lost 75 percent of her strength in her right hand.

**B.**     *Conviction, Sentencing and Appeal*

The jury convicted Anderson of all counts and found true the allegations for counts one and two that he personally used a firearm (§ 12022.5) and the allegations for counts two and three that he personally inflicted great bodily injury (§ 12022.7).  Additionally, in a separate proceeding, the court found that Anderson had a prior strike conviction (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1)), two prison priors (former § 667.5, subd. (b), as amended by Stats. 2014, ch. 442, § 10), and a prior serious felony conviction (§ 667, subd. (a)(1)).

The trial court sentenced Anderson to an aggregate term of 46 years in state prison.  In the previous appeal, we concluded the court had erred in imposing full consecutive terms for the robbery conviction (count three) and the accompanying enhancement in a manner not allowed under section 1170.1.  We directed that the term for Anderson's robbery conviction was instead to consist of "one-third of the middle term of imprisonment . . . , and shall include one-third of the term imposed for any specific enhancements applicable" to that offense.  (§ 1170.1, subd. (a).)

We further concluded that remand was required for the trial court to decide whether to exercise its discretion to strike the firearm enhancements under Senate Bill No. 620, which went into effect on January 1, 2018.  (Stats. 2017, ch. 682, §§ 1, 2.)  Senate Bill No. 620 amended sections 12022.5 and 12022.53 to state in relevant part: "The court may, in the interest of justice

4

pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§§ 12022.5, subd. (c); 12022.53, subd. (h).) Additionally, Senate Bill No. 1393 became effective January 1, 2019, and amended sections 667, subdivision (a), and 1385, subdivision (b), to allow a trial court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1, 2.) Accordingly, we remanded the matter so the trial court could determine whether to exercise its discretion under those amendments and also to modify the consecutive sentence on count three to conform with section 1170.1.

## C.    *Resentencing*

In a resentencing memorandum, defense trial counsel urged the court to exercise its discretion under Senate Bill No. 620 and Senate Bill No. 1393 to strike both the firearm enhancement for count one and the prior serious felony enhancement. In the alternative, as to the personal use of a firearm enhancement on count one, she urged the court to impose either "the low term of 3 years, or the mid term of 4 years…in the interest of justice." Counsel noted mitigating factors that Anderson had participated in rehabilitation programs and higher education classes and that he had no "unfavorable behavior" while in prison according to a number of consecutive annual reviews. Defense counsel requested a total sentence of 19 years.

In response, the Attorney General asked the court to impose the upper term of ten years for the firearm enhancement based on several circumstances in aggravation, including that the victims incurred great bodily injury, the victims were vulnerable, and Anderson had numerous prior convictions of increasing severity. The Attorney General additionally noted that while in prison, Anderson had fought with another inmate in June 2017.

At the resentencing hearing, the court again denied probation, and expressly incorporated into its resentencing determination its previous findings from the original sentencing on the aggravating and mitigating factors, "…as well as factors the Court has considered." The court stated it had also considered the information in the resentencing memoranda, which included, "the work Mr. Anderson has done…the laudable work and the supportive letters that he's provided."

The court imposed a total prison sentence of 28 years. For count one, the court imposed the "aggravated term of eight years", doubled to 16 years based on Anderson's prior strike conviction. The court declined to exercise its discretion to strike the section 12022.5 firearm enhancement for that count, but it imposed the mid-term of four years instead of the 10-year upper term it previously imposed. The court again stayed the sentence on count two.

Regarding count three, the court exercised its discretion to impose a consecutive sentence, finding that the offense involved "a separate victim and separate occasion." The court corrected its error from the original sentencing and imposed one-third of the mid-term for one-year, doubled to two years based on the prior strike conviction, plus one-third of three years for the section 12022.7 great bodily injury enhancement for an additional one year, making the total consecutive sentence three years. The court imposed the aggravated term of four years for count four, doubled to eight years based on Anderson's prior strike, and again ordered that sentence to run concurrently with the 20-year sentence imposed for count one.

The court declined to exercise its discretion to strike the five-year prior serious felony enhancement (§ 667, subd. (a)(1)), but it did strike the two one-year prior prison term enhancements (former § 667.5, subd. (b), as amended

6

by Stats. 2014, ch. 442, § 10) "pursuant to the change of law [as to former section 667.5] and the agreement of counsel . . . ."[2]

This appeal followed.

## II. DISCUSSION

As previously mentioned, in Anderson's prior appeal, we remanded the matter to allow the trial court to decide whether to exercise its then new discretion under amendments to sections 12022.5, 12022.53, and 1385 to strike the firearm and prior serious felony enhancements "in the interest of justice". (§§ 12022.5, subd. (c), 12022.53, subd. (h), 1385, subd. (b).) The Legislature subsequently enacted Senate Bill No. 81 (Senate Bill 81) (2021–2022 Reg. Sess.), which further amended section 1385 to add subdivision (c). The newly added subdivision lists specific mitigating factors a court must consider when deciding whether to strike an enhancement from a defendant's sentence in the interest of justice.[3] (§ 1385, subd. (c); see *People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Anderson's primary contention in this appeal is that Senate Bill 81 mandates dismissal of the firearm and prior serious felony enhancements the court imposed under sections 12022.5 and 667, subdivision (a). Therefore, he

---

[2] The "change of law" refers to former section 1171.1, which was amended effective January 1, 2022, to invalidate most prior prison term enhancements imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5. (Former § 1171.1, added by Stats. 2021, ch. 728, § 3.) The parties and the court briefly discussed the newly enacted section 1171.1 at the resentencing hearing because the parties initially disagreed on whether the court had jurisdiction under that section to strike the prior prison term enhancements. Former section 1171.1 is not at issue in this appeal.

[3] In June 2022, the Legislature amended section 1385, adding subdivision (c)(3) and modifying the language for one of the mitigating factors not at issue here, subdivision (c)(2)(G). (Stats. 2022, ch. 58, § 15.) The amendments do not impact this appeal.

7

argues, the trial court erred by failing to dismiss those enhancements. In the alternative, Anderson contends that the trial court was unaware of the amendments to section 1385 contained in Senate Bill 81 when it exercised its discretion under that section, because neither the trial court nor counsel for the parties mentioned Senate Bill 81 at the resentencing or in the resentencing memoranda.

In addition to the amendments to section 1385, the Legislature also made ameliorative changes to sections 1170 and 654. Because those new laws went in effect one month before Anderson's resentencing, we requested supplemental briefing on whether we should follow the presumption applicable to a silent record that the trial court was aware of and properly exercised its sentencing discretion under the new laws (*In re Julian* (2009) 47 Cal.4th 487, 498–499), including the changes to section 1385. Anderson submitted a supplemental brief contending that the record "strongly suggests" that the trial court was not aware of the applicable laws and did not follow them. The Attorney General disagrees, arguing that because the record is silent on the issue, we must presume the trial court was aware of and followed the new laws.

For the reasons explained below, we conclude that Senate Bill 81 does not mandate dismissal of Anderson's firearm and prior serious felony enhancements, but we nonetheless find that remand for resentencing is necessary to allow the court to exercise its informed discretion under the new laws.

## A. *Section 1385 Does Not Mandate Dismissal of Enhancements.*

We first determine whether Senate Bill 81 requires dismissal of Anderson's firearm and prior serious felony enhancements. As amended by Senate Bill 81, section 1385, subdivision (c), now provides in relevant part:

8

"(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others. [¶] . . . .[¶]. . .

"(B) Multiple enhancements are alleged in a single case. *In this instance, all enhancements beyond a single enhancement shall be dismissed.*

"(C) The application of an enhancement could result in a sentence of over 20 years. *In this instance, the enhancement shall be dismissed.*"  (§ 1385, subd. (c)(1)–(2), italics added.)

Anderson interprets the emphasized sentences in section 1385, subdivision (c)(2)(B) and (C), as requiring trial courts to strike all but one enhancement and any enhancements that could result in a sentence greater than 20 years.[4]  Accordingly, because he was charged with multiple

---

[4] The Attorney General argues that remand is unwarranted because Anderson forfeited his claim by failing to raise it in the trial court.  Anderson concedes that the claim he advances in this appeal was not raised with the trial court, but he asserts that the forfeiture rule does not apply in cases like this one, where he argues the trial court did not carry out its mandatory duties.  We agree that the issue whether Senate Bill 81 mandates dismissal of Anderson's firearm and prior serious felony enhancements is not forfeited, as it is a question of law presented on undisputed facts.  (See *People v.*

9

enhancements, and because the only enhancement the trial court could have added without imposing "a sentence of over 20 years" (§ 1385, subd. (c)(2)(C)) was one third of the enhancement to count 3 for personal infliction of great bodily injury (§ 12022.7), the trial court erred by imposing the firearm and prior serious felony enhancements. The Attorney General counters that reading the statute as a whole shows that a trial court has discretion to impose enhancements unless the court determines that dismissal would endanger public safety, and only if "…it is in the furtherance of justice to do so…."

In interpreting section 1385, subdivision (c)(2), we seek to effectuate the Legislature's intent, looking first to the statutory language and considering it in light of the entire substance of the statute and seeking to harmonize the various parts of an enactment. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 294.) We review questions of statutory interpretation de novo. (See *Walker v. Superior Court* (2021) 12 Cal.5th 177, 194.)

When viewed in isolation, the word "shall" in subdivision (c)(2)(B) and (C) of section 1385 seems to support Anderson's contention that the statute mandates dismissal of the firearm and prior serious felony enhancements. But viewing that language in the context of the entire statute, as we must, Anderson's construction fails. (See *People v. Walker (*2022) 86 Cal.App.5th 386, 397, review granted March 22, 2023, S278309 (*Walker*) ["the context is critical"].) Subdivision (c)(1) establishes the subdivision's overall context, that dismissing an enhancement must be "in the furtherance of justice",

---

*Dillard* (2018) 21 Cal.App.5th 1205, 1227 [appellate court may entertain issues not raised at the trial level when those issues involve only questions of law on undisputed facts]; *In re D.L.* (2012) 206 Cal.App.4th 1240, 1244 ["A finding of forfeiture is inappropriate" where the error complained of is the court's failure to fulfill its mandatory duty].)

operative language which implicates discretion. (See *Walker*, at p. 395 [dismissing enhancement in furtherance of justice is a discretionary decision].) Subdivision (c)(2) expressly refers to a court's exercise of discretion, and it directs courts to consider nine mitigating factors in doing so, including the factors Anderson contends require dismissal in this case. (§ 1385, subd. (c)(2).) If a mitigating circumstance exists, then the trial court shall afford it great weight in favor of dismissal, unless doing so would endanger public safety. (§ 1385, subd. (c)(2).) In sum, the court has discretion under subdivision (c) of section 1385 to evaluate whether dismissal is in the furtherance of justice by weighing the mitigating factors against whether dismissal of an enhancement would "endanger public safety." (§ 1385, subd. (c)(1), (2); see *People v. Anderson* (2023) 88 Cal.App.5th 233, 239, review granted April 19, 2023, S278786 ["This language, taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal"].)

Anderson argues that our interpretation makes the language "shall be dismissed" surplusage. We disagree. The Second District in *Walker, supra*, 86 Cal.App.5th 386 explained that the language "all enhancements beyond a single enhancement shall be dismissed" in subdivision (c)(2)(B) of section 1385 specifies "what must be dismissed *after* a trial court has exercised its discretion to decide whether dismissal is warranted in the first place." (*Id.* at p. 397, italics added.) We similarly conclude that the language in subdivision (c)(2)(C) of section 1385 that "the enhancement shall be dismissed" where its application could result in a sentence of over 20 years establishes what the court must dismiss once it determines dismissal would be in the interest of

11

justice. (§ 1385, subd. (c)(2)(C).) This reading of section 1385, subdivision (c), gives effect to every word and phrase in the statute, including "shall be dismissed" and the language that the court shall give "great" (but not dispositive) weight to "the mitigating circumstances" in subdivision (c)(2) of section 1385.[5] (See *Rosenfield v. Superior Court* (1983) 143 Cal.App.3d 198, 202 [" 'every word, phrase or provision is presumed to have been intended to have a meaning and perform a useful function' . . . and a statute should be so construed where possible"].)

And, as the courts in *People v. Mendoza, supra*, 88 Cal.App.5th 287 and *People v. Lipscomb* (2022) 87 Cal.App.5th 9 recognized, construing the statute as Anderson suggests would result in the implied repeal of various statutes. (*People v. Mendoza*, at pp. 296–297; *People v. Lipscomb*, at pp. 20–21.) For example, in all cases in which the trier of fact has found true a mandatory 20-year or 25-years-to-life enhancement under section 12022.53, subdivisions (c) and (d), respectively, the court would have to dismiss the enhancement under subdivision (c)(2)(C) of section 1385, because imposing it would always result in a sentence of over 20 years. That is an absurd result that would render those two enhancements functionally inoperative in every case. (See *People*

---

[5] At least one appellate court disagrees with *Walker* to the extent it requires the trial court to dismiss an enhancement absent a finding that dismissal would endanger public safety. (See *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted April 12, 2023, S278894.) The *Ortiz* court found instead that trial courts have discretion to weigh factors other than the danger to society against the mitigating factors that favor dismissal. (*Ibid.*) "[T]he ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement." (*Ibid.*) We need not determine the precise scope of the trial court's discretion to dismiss enhancements under section 1385, however. It is sufficient for our purposes that the existence of the mitigating circumstances in subdivision (c)(2)(B) and (C) does not compel the trial court to dismiss an enhancement where dismissal would endanger public safety.

*v. Bratis* (1977) 73 Cal.App.3d 751, 757 [" 'It is elementary that, if possible, statutes will be so construed as to avoid absurd application and to uphold their validity' "].) "We presume that the legislature did not intend to repeal all of those enhancement statutes by implication." (*People v. Mendoza*, at p. 297, citing *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 637.)

Legislative history supports our interpretation. A Senate Floor Analysis dated September 8, 2021, stated that the law then in effect "lack[ed] clarity and does not provide judges clear guidance on how to exercise this discretion." (Sen. Rules Com., Off. Of Sen. Floor Analyses, Unfinished Business Analysis of Sen Bill No. 81 (2021–2022 Reg. Sess.) as amended Aug. 30, 2021, p. 5.) Senate Bill 81 therefore aimed "to provide clear guidance on how and when judges *may* dismiss sentencing enhancements and other allegations that would lengthen a defendant's sentence. By clarifying the parameters a judge must follow, [Senate Bill] 81 codifies a recommendation developed with the input of the judges who serve on the Committee on the Revision of the Penal Code for the purpose of improving fairness in sentencing *while retaining a judge's authority to apply an enhancement to protect public safety*." (*Ibid.*, italics added.)

As Anderson acknowledges in his reply brief, several other courts have arrived at the same conclusion as we do that subdivision (c)(2)(B) and (C) of section 1385 does not mandate dismissal of enhancements. (See *People v. Lipscomb, supra*, 87 Cal.App.5th at pp. 17–18; *People v. Mendoza, supra*, 88 Cal.App.5th at p. 296; *Walker, supra*, 86 Cal.App.5th at p. 396; *People v. Ortiz, supra*, 87 Cal.App.5th at p. 1098; *People v. Anderson, supra*, 88 Cal.App.5th at p. 239.) We agree with the reasoning of those decisions and accordingly reject Anderson's argument that the trial court was required to

dismiss his firearm and prior serious felony enhancements under the amendments made to section 1385 in Senate Bill 81.

**B.      *Remand Is Required for the Trial Court to Exercise Its Informed Discretion.***

In the alternative, Anderson argues that the trial court was unaware of Senate Bill 81, and that had the court recognized the amendments and the effect they had on the court's discretion to strike or dismiss the enhancements at resentencing—namely that the court was required to afford "great weight" to the mitigating factors in subdivision (c)(2)(B) and (C) of section 1385—it is reasonably probable the court would have stricken some of the enhancements.[6]

Additionally, as mentioned, we requested supplemental briefing from the parties about whether the record may suggest that the trial court was unaware of the recent amendments to sections 1170 and 654, which became effective on the same date as the amendments in Senate Bill 81 to section 1385, one month before Anderson's resentencing. After considering the parties' supplemental briefing, we conclude that remand is warranted here.

*1.  Overview of Amendments to Sections 1170 and 654*

---

[6] We reject the Attorney General's contention that Anderson has forfeited this claim. The authority cited by the Attorney General holds that "a defendant forfeits on appeal any 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' in the absence of objection below." (*People v. Wall* (2017) 3 Cal.5th 1048, 1075.) But Anderson is not challenging the manner in which the court exercised its discretion or its failure to properly articulate the reasons for its discretionary sentencing choices. He is arguing instead that the court was in fact uninformed about (and therefore unaware of) the scope of its discretion. When the trial court misunderstands the law and fails to exercise its discretion, that failure is reviewable in the absence of a timely objection, "when [the court's] misapprehension is affirmatively demonstrated by the record." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1023; see also *People v. Downey* (2000) 82 Cal.App.4th 899, 912.)

14

Prior to 2022, section 1170, subdivision (b) provided that, "[w]hen a judgment of imprisonment [was] to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term . . . rest[ed] within the sound discretion of the court." (Former § 1170, subd. (b)(2), as amended by Stats. 2020, ch. 29, § 14.) But effective January 1, 2022, Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) amended section 1170, subdivision (b), to prohibit a trial court from imposing a sentence exceeding the middle term unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term" and the facts underlying those circumstances have either been stipulated to by the defendant or been "found true beyond a reasonable doubt" by the jury or judge at trial. (§ 1170, subd. (b)(2).)[7] The sentencing court can also rely on certified records of conviction without having to submit the prior convictions to the jury.[8] (*Id.*, subd. (b)(3).)

And section 654 previously required the court to punish an act that was punishable in different ways by different laws only "under the provision that provides for the longest potential term of imprisonment." (Former § 654, subd. (a), as amended by Stats. 1997, ch. 410, § 1.) Effective January 1, 2022,

---

[7] Because section 1170, subdivision (b) was amended without substantive change after Anderson's resentencing, we consider the current version of the statute.

[8] Senate Bill No. 567 also amended section 1170.1, subdivision (d), applicable to enhancements, which we included in our request for supplemental briefing. Like the amendments to section 1170, those amendments narrow the circumstances in which a sentencing court may impose an upper term and provide for a presumptive middle term. (Stats. 2021, ch. 731, § 2.) Here, the court imposed the middle term for the section 12022.5 enhancement. Thus, there would be no need in this case to remand for resentencing to allow the court to exercise its sentencing discretion under section 1170.1.

however, section 654 was amended pursuant to Assembly Bill No. 518 to provide the trial court with discretion to choose the count for which it will impose punishment. (Stats. 2021, Ch. 441, § 1; § 654, subd. (a).)

In this case, when the court resentenced Anderson, it imposed the upper term for counts one, two, and four, and pursuant to section 654, it stayed the sentence on count two instead of the sentence for count one, which provided for the longest potential term of imprisonment. Moreover, as previously discussed, the court did not dismiss the enhancements in exercising its discretion under section 1385. The question then is whether the court, in making these sentencing decisions, was aware of the ameliorative changes to sections 1385, 1170, and 654. If not, the parties agree that we must remand for resentencing. (See *People v. Downey, supra*, 82 Cal.App.4th at p. 912 ["Where, as here, a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination"].)

### 2. *Because the Record Is Ambiguous, We Do Not Presume the Trial Court Understood Its Discretion.*

The Attorney General argues that we should follow the fundamental rule of appellate review that on a silent record, we must presume the trial court was aware of and followed the applicable law. (See *People v. Lee* (2017) 16 Cal.App.5th 861, 867 ["if the record is silent" on the court's awareness of its discretionary authority in sentencing, we must presume the court understood the scope of its discretion and affirm]; *In re Julian, supra*, 47 Cal.4th at pp. 498–499 [" ' "A trial court is presumed to have been aware of and followed the applicable law" ' "].) Because the court was not required to state its reasons for its sentencing decisions, the Attorney General contends,

16

and because there is no indication in the record that the trial court was unaware of its sentencing discretion, the presumption applies in this case.

The record is not silent, however, at least with respect to the court's exercise of its discretion under section 1170. This is because the trial court's comments at the resentencing show that in selecting the upper term for counts one, two, and four, the court considered the same aggravating circumstances that it had considered at Anderson's initial sentencing, notwithstanding the subsequent change in law that significantly narrowed the circumstances in which a sentencing court may impose an upper term under section 1170. (§ 1170, subd. (b)(2), (3); see *Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 716, fn. 9 [finding that the presumption that the court " 'knows and applies the correct statutory and case law' " did not apply because "the court stated its considerations on the record, and none pertained to rehabilitative potential"].)

At Anderson's original sentencing, the court found several aggravating circumstances, including that "the crime involved great violence and great bodily injury; …that a weapon was used; …that the victims, all of them, were…vulnerable, unsuspecting, uncontributory [sic] victims." (California Rules of Court, rule 4.421(a)(1), (2) & (3).) The court also found that Anderson had engaged in violent conduct that indicated a serious danger to society, had prior convictions that were numerous and of increasing seriousness, had served a prior prison term, was on probation at the time of the offense, and had previously performed unsatisfactorily on probation or parole. (California Rules of Court, rules 4.421(b)(1)–(5).)

At the initial sentencing, the court imposed the upper term for all counts, finding that the aggravating circumstances outweighed the mitigating circumstances (and indeed that no mitigating circumstances were

17

present).  None of the aggravating factors contained in California Rules of Court, rules 4.421(a)(1), (a)(3), or (b)(1) and considered by the court were stipulated to by Anderson or found true beyond a reasonable doubt by the jury as required under the current version of section 1170 in order to justify imposition of a sentence exceeding the middle term.  (§ 1170, subd. (b)(2).)

At the resentencing, the trial court stated that it was "incorporating" its previous findings on the circumstances in aggravation and mitigation into its decision, and that it was considering the aggravating circumstances discussed in the Attorney General's sentencing memorandum, which also were neither stipulated to by Anderson nor found true beyond a reasonable doubt by the trier of fact.  Even though under the recent changes to section 1170 a number of these aggravating circumstances could no longer be used to support the imposition of an upper term absent Anderson's admitting them or a jury finding them true beyond a reasonable doubt, the court explained that for count one that it was "still following [its previous] analysis in light of all the information before me.  I still believe that the aggravating circumstances outweigh the mitigating [circumstances] as to that conviction and will select the aggravated term of eight years in the state prison."  Similarly, the court commented that "under the same analysis the Court is adopting the aggravated term of four years" for count two, and that for count four, "again the aggravating circumstances outweighing the mitigating."  These comments suggest that the court was unaware of the changes in section 1170 that had occurred since Anderson's original sentencing.  At best, the record is ambiguous as to whether the court understood that it was no longer allowed to impose the upper term based on certain aggravating circumstances that had not been stipulated to by the defendant or found true beyond a reasonable doubt.

18

Accordingly, because the record is ambiguous as to whether the court was aware of its significantly limited discretion under the revised section 1170 to impose a sentence exceeding the middle term, remand for resentencing is required. (See *People v. Ochoa* (2020) 53 Cal.App.5th 841, 852–853 [remanding for resentencing where record was ambiguous as to whether the court understood its obligation to consider-youth related mitigating factors before exercising its sentencing discretion under section 190.5, subdivision (b)]; *People v. Lua* (2017) 10 Cal.App.5th 1004, 1021 [remanding where record was ambiguous: "We do not agree with defendant's argument that the record conclusively establishes that the trial court misunderstood the scope of its discretion to strike one or more of the enhancements, but we do find that some of the trial court's comments during sentencing raise serious doubts in that regard"].)

Regarding the other amendments at issue here, Anderson points out that he addressed Senate Bill 81 in a footnote in two documents he filed in propria persona with the court a few months before his resentencing, and yet neither the trial court nor the attorneys mentioned the amendments or Anderson's filings at resentencing or in the resentencing memoranda. Because the record is silent on the court's reasons for refusing to dismiss the enhancements under section 1385, it is arguable whether Anderson has identified an ambiguity in the record as to whether the trial court understood the scope of its discretion under Senate Bill 81. We need not belabor the point, however. We trust that when the trial court resentences Anderson on remand, it will exercise its discretion as appropriate in light of current law as to all counts and enhancements.

## A. Anderson's Custody Credits

19

Anderson next argues that the trial court erred because it did not update his custody credits in the amended abstract of judgment. The Attorney General concedes that he is correct. The Attorney General's concession is well taken.[9]

"When . . . an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' " (*People v. Buckhalter, supra*, 26 Cal.4th at p. 23, italics in original; see also § 2900.1 [when a sentence is modified while being served, the time already served "shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts"].) Thus, when the trial court modifies a defendant's sentence on remand after an appeal, it must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*People v. Buckhalter, supra*, at p. 37, italics in original.)

Here, the amended abstract of judgment prepared after the January 28, 2022 resentencing hearing reflects the same custody credits as the original abstract of judgment from the August 19, 2016 sentencing—1,375 actual credits plus 206 conduct credits—and there is no indication in the record that the trial court recalculated Anderson's actual custody credits prior to resentencing him. To the contrary, at the resentencing hearing, the court

---

[9] We agree with Anderson that section 1237.1 does not preclude him from raising on appeal an error in the calculation of postsentence custody credits. Under section 1237.1, a defendant cannot appeal from a judgment of conviction based on an error in the calculation of *presentence* custody credits without first making a motion for correction of the record in the trial court. (§ 1237.1.) The additional credits that Anderson is seeking are technically postsentence—not presentence—custody credits. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 32–34.)

20

stated that it would "put the same figures on this abstract of judgment." Anderson was entitled to receive credit for all the time that he had been in custody, including time served after his original sentencing. We therefore direct the trial court to calculate all actual custody credits Anderson had earned up to the date of his resentencing on January 28, 2022, and to amend the abstract of judgment to reflect those credits.

## B. Probation Investigation Fee

The original judgment from the August 19, 2016 sentencing imposed a $250 "Probation Investigation Fee." The amended abstract of judgment after resentencing appears to have reimposed that fee, as it also includes a $250 Probation Investigation Fee. In our request for supplemental briefing, we asked the parties whether the balance of the fee that remains unpaid as of July 1, 2021 should be vacated, per Assembly Bill No. 1869 (2019–2020 Reg. Sess.). The parties agree, as do we, that the abstract of judgment must be updated to vacate any unpaid portion of the probation investigation fee.

Assembly Bill No. 1869, which became operative approximately six months prior to Andersons's resentencing, eliminates the authority to collect certain court-imposed costs and fees. (Stats. 2020, ch. 92, §§ 11, 62; § 1465.9, subd. (a).) As applicable here, Assembly Bill No. 1869 amended the Penal Code by adding section 1465.9, effective July 1, 2021. Subdivision (a) of section 1465.9 provides: "The balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, *1203.1b*, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, § 62, italics added.) By its own terms, the statute is mandatory

21

and forward-looking as it applies to uncollected costs. (*People v. Clark* (2021) 67 Cal.App.5th 248, 259.)

Although neither the original judgment nor the amended abstract of judgment specifies the statutory basis for the probation investigation fee, the record indicates that the trial court imposed the fee pursuant to former section 1203.1b. Immediately prior to Assembly Bill No. 1869's repeal of that statute, it provided: "(a) In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, . . . the probation officer, or [the officer's] authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost . . . of *conducting any preplea investigation* and preparing any preplea report pursuant to Section 1203.7, of *conducting any presentence investigation* and preparing any presentence report made pursuant to Section 1203 . . . . *The reasonable cost of these services* . . . shall not exceed the amount determined to be the actual average cost thereof." (Former § 1203.1b, subd. (a), italics added.) Section 1203.7, in turn, requires a probation officer to "inquire" into a defendant's "antecedents, character, history, family environment and offense" and prepare a report containing that information and his or her "recommendation for or against . . . probation." (§ 1203.7, subd. (a).) Similarly, section 1203 refers to a probation officer's "investigation" of facts relevant to a defendant's sentencing. (§ 1203, subd. (b).) The trial court in this case specifically referred to the fee as a "probation investigation fee" in its oral pronouncement at the resentencing hearing, and the minute order for the hearing cites former section 1203.1b as the basis for the fee. We therefore

22

conclude that the statutory basis for the $250 probation investigation fee the court imposed as reflected in the amended abstract of judgment was former section 1203.1b.

Accordingly, in light of Assembly Bill No. 1869 and section 1465.9, we conclude that the unpaid balance of the probation investigation fee must be vacated to the extent it requires payment of uncollected fees remaining on or after July 1, 2021. (§ 1465.9, subd. (a) ["portion of judgment imposing those costs shall be vacated"]; *People v. Clark, supra*, 67 Cal.App.5th at p. 259 ["[T]he plain language" of section 1465.9 means that "any 'balance'" remaining on defendant's "account for probation supervision fees—that is, any amounts imposed but not paid—is 'unenforceable and uncollectible'"]; *People v. Greeley* (2021) 70 Cal.App.5th 609, 626–627 [holding that "although the unpaid balance of the identified fees is no longer enforceable and collectible [under section 1465.9], the statute *also* mandates that any portion of a judgment imposing those fees be vacated"].)

## III. DISPOSITION

The sentence is vacated and the cause is remanded for a new sentencing hearing. On remand, the trial court shall consider all applicable sentencing laws. The court is further directed to modify Anderson's abstract of judgment to reflect the actual custody credits he will have earned prior to the new resentencing and to vacate any portion of the probation investigation fee imposed under former section 1203.1b that had not been paid as of July 1, 2021. The court shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

BOWEN, J.*

WE CONCUR:

HUMES, P.J.

BANKE, J.

A164583N

---

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.